BLD-016                                                        **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 25-2930
_____

IN RE: SUSAN LLOYD,
                                        Petitioner

_____

On a Petition for Writ of Mandamus from the
United States District Court for the Eastern District of Pennsylvania
(Related to Civ. No. 5:25-cv-03602)

_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
October 23, 2025

Before: KRAUSE, MATEY, and BOVE, Circuit Judges

(Opinion and Order filed: November 7, 2025)
_____

OPINION* AND ORDER
_____

PER CURIAM

Susan Lloyd seeks a writ of mandamus to undo the transfer of her products

liability lawsuit against Kia America, Inc., to the United States District Court for the

Central District of California. The United States Judicial Panel on Multidistrict

Litigation ordered Lloyd's case to be conditionally transferred to that court from the

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Eastern District of Pennsylvania because it "involves common questions of fact" as those raised against Kia by other plaintiffs throughout the country, and thus transfer would "serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation." See In re Kia Hyundai Vehicle Theft Litig., MDL No. 3052, Doc. 329 (Panel on Multidist. Litig. Oct. 1, 2025) (*per curiam* transfer order). Lloyd opposes that order and asserts that the case never should have been removed from the Court of Common Pleas of Lancaster County, Pennsylvania, let alone sent out of state.

Our mandamus jurisdiction derives from the All Writs Act, which grants us the power to "issue all writs necessary or appropriate in aid of [our . . . jurisdiction] and agreeable to the usages and principles of law." 28 U.S.C. § 1651. In multidistrict litigation, however, "[p]etitions for an extraordinary writ to review an order to transfer . . . shall be filed only in the court of appeals having jurisdiction over the transferee district." 28 U.S.C. § 1407(e). We directed Lloyd to address whether this Court has jurisdiction over her petition, and although she filed a response, she did not directly address the effect of Section 1407(e). Under the plain language of that provision, we lack jurisdiction to entertain Lloyd's petition, so we will direct the Clerk to transfer it to the United States Court of Appeals for the Ninth Circuit, the court of appeals having jurisdiction over the Central District of California.

In light of the foregoing, the Clerk is directed to transfer the mandamus petition to the United States Court of Appeals for the Ninth Circuit. See 28 U.S.C. § 1407(e). We

express no opinion on the merits of the petition.  Our disposition terminates this proceeding in this Court.

A True Copy:

Patricia S. Dodszuweit, Clerk